IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. PAYNE, ) | No. C 07-4712 JSW (PR) |
| Petitioner, ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| JOE MCGRATH, Warden, ) | |
| Respondent. ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at San Quentin State Prison in Crescent City, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of murder after a jury trial in Contra Clara County Superior Court in 2002. Petitioner appealed his conviction to California Court of Appeal. Petitioner also filed a petition for review in the Supreme Court of California. According to the petition, both were denied in 2006. Petitioner

apparently also filed state collateral challenges in the state courts. The instant federal habeas petition was filed on September 13, 2007.

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following grounds for relief: 1) jury misconduct; 2) the trial court's reasonable doubt instructions violated Petitioner's rights; 3) the trial court's consciousness of guilt instructions violated Petitioner's rights; and 4) the failure to disclose information regarding a relationship of a witness and a juror violated Petitioner's rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1 | not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all
2 | portions of the state trial record that have been transcribed previously and that are relevant
3 | to a determination of the issues presented by the petition. If Petitioner wishes to respond
4 | to the answer, he shall do so by filing a traverse with the Court and serving it on
5 | Respondent within **thirty (30)** days of his receipt of the answer.

6 |      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
7 | answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8 | Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
9 | and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
10 | days of receipt of the motion, and Respondent shall file with the Court and serve on
11 | Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

12 |      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
13 | the Court informed of any change of address by filing a separate paper captioned "Notice
14 | of Change of Address." He must comply with the Court's orders in a timely fashion.
15 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
16 | to Federal Rule of Civil Procedure 41(b)

17 |      IT IS SO ORDERED.
18 | DATED: January 29, 2008

                                      JEFFREY S. WHITE
                                      United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JASON PAYNE,

        Plaintiff,

  v.

JOE MCGRATH et al,

        Defendant.

Case Number: CV07-04712 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason J. Payne
V26575
P.O. Box 7500
Lake Earl Drive
Crescent City, CA 95531-7000

Dated: January 29, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk