EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
CATHERINE A. RIVLIN
Supervising Deputy Attorney General
State Bar No. 115210
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-3664
 Telephone: (415) 703-5977
 Fax: (415) 703-1234
 Email: catherine.rivlin@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON JAMAL PAYNE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JOE MCGRATH, Warden,<br><br>　　　　　　　　　　Respondent. | C 07-4712 JSW<br><br>MOTION TO DISMISS HABEAS CORPUS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES |

　　　　Respondent moves the Court to dismiss the instant Petition For a Writ of Habeas Corpus on the basis that the petition is unexhausted. We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself.

　　　　A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. See *White v. Lewis*, 874 F2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maas*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 cases, Rule 4, and Advisory Committee Notes.

### STATEMENT OF THE CASE

　　　　On September 1, 1999, a Contra Costa County grand jury returned an indictment which, as later amended, charged Jason Jamal Payne and a codefendent, Toriano Young, with the following

Motion To Dismiss - C 07-4712 JSW

1

felony counts, all alleged to have been committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)): (1) murder of Jonathan Washington, enhanced for firearm use, discharge, and intentional discharge causing death (Cal. Pen. Code, §§ 187, 12022.53, subds (b), (c), (d)); (2) conspiracy to commit murder, robbery, and sales of illegal narcotics with 16 overt acts (Cal. Pen. Code, § 182); (3) street terrorism (Cal. Pen. Code, § 186.22); and counts (4), (7), (8) robbery of Robert Moore, Lee Thomas, Jr. and Marion Porter, enhanced (as to both appellants on count 4, and as to Payne only on counts 7 and 8) for firearm use, discharge, and discharge causing injury or death (Cal. Pen. Code, §§ 211, 212.5, subd. (c), 664, 12022.53, subds (b), (c), (d)). Counts (5) and (6) pertained only to codefendant Young. A jury found petitioner guilty of: one count of first degree murder, enhanced for personal firearm use, discharge of a firearm, and intentional discharge of a firearm causing death; conspiracy to commit murder, robbery, and sales of illegal narcotics; street terrorism; and three robberies, with the same firearm use and discharge enhancements. Cal. Pen. Code, §§ 182, 186.22, 187, 211, 212.5, subd. (c), 664, 12022.53, subds (b), (c), (d).

Petitioner was sentenced on February 6, 2004, to a determinate term of 22 years 8 months, to be followed by a consecutive indeterminate term of 25 years to life.

Petitioner appealed, raising the following issues: (1) the consciousness of guilt instructions were improper pinpoint instructions; (2) CALJIC 2.90 did not properly define reasonable doubt; (3) the argument concerning the one-sided nature of the *Pitchess* motion process was prosecutorial misconduct; (4) the investigation into the post-trial relationship between a witness and a juror was inadequate; and (5) the gang enhancements were not statutorily authorized.

His judgment was affirmed by the California Court of Appeal on July 21, 2006, with the exception of a limited remand for resentencing because the gang enhancements were reversed. The Supreme Court of California denied review on October 11, 2006. He was resentenced to the same indeterminate term, but two years were stricken from the determinate term, reflecting the invalidated gang enhancement. A second Court of Appeal opinion issued on October 18, 2007, following an appeal from the resentencing, pursuant to the procedures set forth in *People v. Wende*, 25 Cal.3d 436 (1979), and *Anders v. California*, 386 U.S. 738 (1969), affirming the judgment. Review was not sought from the second opinion.

Petitioner has filed three habeas corpus actions in the superior court. Two of them were denied on March 1, 2007, and the third was denied on September 10, 2007. None of these actions has been pursued to the California Court of Appeal or California Supreme Court.[1]

This petition was filed on September 13, 2007.

## ARGUMENT

### THE PETITION FOR WRIT OF HABEAS CORPUS IS PARTIALLY UNEXHAUSTED, AND MUST BE DISMISSED AS A MIXED PETITION

Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in federal habeas corpus. *Rose v. Lundy*, 455 U.S. 509 (1982); *Carothers v. Rhay*, 594 F.2d 225 (9th Cir. 1979). The exhaustion doctrine is based on a policy of federal-state comity designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See *Picard v. Connor*, 404 U.S. 270, 275 (1971). If the federal claim has not been fairly presented to the state's highest court, there is a failure to exhaust. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982).

Here respondent can find no evidence that petitioner's fourth issue, the *Brady* claim[2], was presented to the state's highest court at all. It was not included in the issues on direct appeal. The only arguably related issue pertained to trial court error for failure to fully investigate the post-trial relationship between the investigating officer and the former juror. However the appellate argument presented neither facts nor argument relating to a withholding of material exculpatory information. The requirements of a *Brady* claim have simply not been tested. The United States Supreme Court explained in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that prisoners are asserting claims under the United States Constitution . . . [M]ere similarity of claims is insufficient to exhaust." The only pleading connected to petitioner Payne in the

---

1. We attach copies of the searches of the California Court of Appeal and California Supreme Court records, using the public information website: http://appellatecases.courtinfo.ca.gov/

2. *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963).

Motion To Dismiss - C 07-4712 JSW

3

California Supreme Court is the petition for review from the first direct appeal.[3/] Thus, even if there is mention of the *Brady* issue in one of the habeas corpus petitions in the Contra Costa Superior Court, those had all been denied before petitioner filed this action and have not been pursued to the California Court of Appeal, much less the California Supreme Court.

Petitioner appears to have three options: (1) he can take a dismissal without prejudice of this apparently timely petition as a mixed petition, per *Rose v. Lundy*, 455 U.S. 509, but should be aware of the timeliness requirement of any subsequent petition per 28 U.S.C. § 2244 (d); (2) he can forgo his *Brady* claim, amend the petition to delete it, and proceed on the issues fairly presented in his direct appeal; or (3) if he can show both good cause for failing to exhaust the *Brady* claim and that the claim is potentially meritorious, he may be one of the rare few entitled to a stay while he exhausts, per *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

---

3. Petitioner makes the following assertion about claim four in the petition: "Claim four was filed in superior court on the grounds of newly discovered evidence. Superior Court claimed they didn't have jurisdiction over the claim even though they knew it was new evidence. Petitioner has now sent the claim to State Supreme Court for exhausting remedies where the claim is still pending. Petitioner would like for this claim to catch up to this petition are [sic] have this Court require the lower courts to address the issue." Pet. 4 [question 9A continued]. However, there is nothing pending in the California Supreme Court. Newly discovered evidence is a new trial motion ground. It thus appears the *Brady* issue was raised in an unsuccessful effort to have the resentencing court address a motion for new trial, when its jurisdiction on remand was limited to resentencing without the gang enhancements. Respondent is not convinced the issue has been properly presented to any court.

CONCLUSION

Accordingly, and for the reasons set forth above, respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

Dated: June 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General

/s/ Catherine A. Rivlin
_____
CATHERINE A. RIVLIN
Supervising Deputy Attorney General

Attorneys for Respondent

CAR:cr/je
SF2008400415

# EXHIBIT A

# CALIFORNIA APPELLATE COURTS
### Case Information



Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

C|C home

## Search Results - Supreme Court

Change court

**Search by Case Party**
Last Name or Organization: Payne
First Name: Jason

<< Search screen
1 - 2 of 2 Records Found.

Click on the case number for more information about a case.

| Supreme Court Case Number | Court of Appeal Case Number | Trial Court Case Number |
|---|---|---|
| S146200 | A105773 | 9912064 |
| PEOPLE v. YOUNG | | |
| S146200 | A106261 | 9912064 |
| PEOPLE v. YOUNG | | |

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
## Case Information



Welcome
Search
E-mail
Calendar
Help
Opinions
C|C home

## Search Results - 1st Appellate District

**Search by Case Party**
Last Name or Organization: Payne
First Name: Jason

<< Search screen
1 - 3 of 3 Records Found.

Click on the case number for more information about a case.

| Court of Appeal Case Number | Trial Court Case Number | Case Caption |
|---|---|---|
| A118312 | 9912064 | The People v. Jason Jamal Payne |
| A106261 | 9912064 | The People v. Jason Jamal Payne |
| A090587 | 9912064 | Payne v. Superior Court Contra Costa et al. |

©2007 Judicial Council of California

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Jason Payne v. Joe McGrath*                                        No.:   C 07-4712 JSW (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 12, 2008</u>, I served the attached:

### MOTION TO DISMISS HABEAS CORPUS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jason Payne
V-26575
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 12, 2008, at San Francisco, California.

|  J. Espinosa  |  /s/ J. Espinosa  |
|  ---  |  ---  |
|  Declarant  |  Signature  |

20116370.wpd