JASON J. PAYNE, V-26575
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95531-7500

FILED

08 AUG 11 AM 8:24

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Pro se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. PAYNE,<br>　　　　Petitioner,<br><br>v.<br><br>JOE MCGRATH, Warden,<br>　　　　Respondent. | CV07-04712JSW<br><br>PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS |

## INTRODUCTION

COME NOW Petitioner, Jason J. Payne, in pro se, by this petition move the Court to deny the Respondent's Motion to Dismiss.

The instant petition for Writ of Habeas Corpus was filed on September 13, 2007. The also issued an initial order requiring the Respondent to either file an Answer to the claims raised in the habeas corpus, or motion to dismiss. Subsequently, by the same court order petitioner would have 30 days to file a Traverse or an Opposition Motion.

On June 24, 2008 petitioner sought an Enlargement of Time of 45 days in order to file an opposition to the respondent's motion to dismiss. Petitioner now files his motion.

1

## PROCEDURAL HISTORY

For the expeditious consideration of this motion petitioner hereby incorporate by reference the Statement of the Case contained in the Respondent's motion.

> THE RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED AS PETITIONER HAS SEVERAL OPTIONS THAT WOULD ALLOW THE PETITION TO GO FORWARD WITHOUT THE COURT HAVING TO DISMISS THE HABEAS CORPUS.

The exhaustion of state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in federal habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982). The agrees with the Respondent that the Brady claim in petitioner's habeas corpus.

However, rather than dismissing petitioner's habeas corpus in it's entirety, petitioner has three (3) options: (1) he can take a dismissal without prejudice of his mixed petition, Rose v. Lundy, 455 U.S. 509; (2) he can forgo his Brady claim, amend the petition to delete it, and proceed on the claims that have been exhausted throughout the state court; or (3) if he can show both good cause for failing to exhaust the Brady claim and that the claim is potentially meritorious, he would be entitled to a stay while he exhausts his state remedies. Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

Therefore, petitioner hereby opts to forgo his Brady claim and amend the petition to delete it.

Respectfully submitted,

DATED: 8.5.08

*Jason Payne*

2

JASON PAYNE V26575
PELICAN BAY STATE PRISON
P. BOX 7500 LAKE EARL DR.
CRESCENT CITY, CA 95531
A4-4-127

LEGAL MAIL

**PELICAN BAY**
**G.P. UNIT A-4**

OFFICE OF THE CLERK, U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532



02 1M
0004217666
MAILED FROM ZIP CODE 95531
AUG 06 2008
$00.00
USA FIRST-CLASS FOREVER